For plaintiff: Moore & Curry.
For defendant: Burdick & MacLeod.

George F. Corrigan
vs.  No. 1754
John L. Halsband, et al.

Harold L. Taylor, P. A.
vs.  No. 1755
John L. Halsband, et al.

C. I. Bigney
vs.  No. 1756
John L. Halsband, et al.

C. I. Bigney Construction Co., Inc.
vs.  No. 1757
John L. Halsband, et al.

James Taylor
vs.  No. 1758
John L. Halsband, et al.

September 25, 1928.

CARPENTER, J.  All of the above cases involve one accident and were tried together in East Greenwich on September 28, 1926, before a jury, at which time the jury returned a verdict in favor of the defendants in each case. A motion for a new trial was

filed October 2, 1926, and was argued before this Court on March 24, 1928.

All of the plaintiffs alleged that they received and suffered injuries to either their person or property by reason of a collision between a motorcycle and a Wills Sainte Claire roadster, which occurred on the Post Road, near Cowesett, in the Town of Warwick, on December 15, 1925.

The motorcycle was driven by one Evald Lundberg, and the plaintiffs contended that it was owned and controlled by the defendants in the cases, John L. Halsband, Julius L. Abrams, Morris M. Abrams and Myer Abrams, who, it appeared, from the evidence, were co-partners and owned and operated a garage in Apponaug. With Lundberg at the time of the collision was a boy about seventeen years old by the name of Harold Taylor.

The Wills Sainte Claire was owned by the C. I. Bigney Construction Company, Inc., and was driven by C. I. Bigney, with whom George F. Corrigan was riding.

The plaintiffs allege that the collision was caused through the negligence of the driver of the motorcycle.

The main issue in the case was whether or not the motorcycle was owned and controlled by the defendants at the time of the accident. Lundberg himself, the driver of the motorcycle, testified that a few days prior to the accident he took a Ford car to the defendants and traded it for a motorcycle, it being understood that he could later exchange the motorcycle for one with a side car, upon the payment of $35.00 extra. Having located a prospective purchaser for a motorcycle with side car, Lundberg decided to make the exchange, in hope of making a profit on the resale. On the way to the defendants' garage at Apponaug, he picked up Harold Taylor, one of the plaintiffs. Upon arriving at the garage at Apponaug, Lundberg made the exchange with one of the defendants, Myer Abrams. Lundberg testified that this was an out and out sale, that the car was not to be brought back if not sold, and whatever Lundberg could get for the motorcycle was his own affair and belonged to him.

After the exchange had been effected Lundberg and Taylor started back towards East Greenwich, and they had gone only a short distance when Lundberg lost control of the motorcycle which swerved across the road to the left, running head-on into the Wills Sainte Claire roadster, owned and operated as above.

The controlling issue in the case was whether Lundberg was the agent of the defendants and was on his way to try to sell the motorcycle, or whether Lundberg had, as he and the defendant, Myer Abrams, claimed, bought it outright, and was seeking to resell it on his own account.

The evidence seemed to preponderate in favor of the story told by Lundberg, and the Court feels that the jury were justified in returning a verdict for the defendants in each case.

Motion for new trial denied.

For plaintiffs: Henshaw & Sweeney.

For defendants: Hinckley, Allen, Tillinghast & Phillips.

